**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D'AMORE,<br><br>      Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner Of Social Security,<br><br>      Defendant. | Case No. 1:16-cv-00260-LJO-SMS<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. 2) |

    This Findings and Recommendation is submitted to United States District Judge Lawrence J. O'Neil under 28 U.S.C. § 636(b)(1) and Local Civil Rule 302 of the United States District Court for the Eastern District of California.

    On February 24, 2016, Plaintiff Michael D'Amore, by his attorney, Melissa Newel, filed a motion to proceed *in forma pauperis*. Doc. 2.

    Under section 1916(a), the Court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] . . . possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). A plaintiff "need not be absolutely destitute to obtain benefits of the in forma pauperis statute. But a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quotations and citations omitted).

According to the Department of Health and Human Services, the 2016 poverty guideline for a two-person household is $16,020.[1]  U.S. Department of Health and Human Services, *Poverty Guidelines*, https://aspe.hhs.gov/poverty-guidelines (last visited February 26, 2016); Annual Update of the HHS Poverty Guidelines, 81 Fed. Reg. 4036 (January 25, 2016).  In this case, Plaintiff reported that he and his wife receive $1,150 per month from renting out two mobile homes, which translates to rental income of $13,800 per year.  Plaintiff also reported that his wife, a dependent, receives sales commission of approximately $1,000 per month, which translates to income of $12,000 per year.  Collectively, Plaintiff and his wife receive an annual income of $25,800.  Under a two-person household, Plaintiff's income level is therefore $9,780 above the poverty guideline.[2]  Consequently, while sympathetic to Plaintiff's financial circumstances, the Court is not of the view that Plaintiff's financial status—as reflected by income, personal and real property —is that of an indigent.

Accordingly, the Court recommends DENYING Plaintiff's motion to proceed *in forma pauperis*.

Within fourteen (14) days (plus three days if served by mail) after being served with a copy, Plaintiff may file written objections with the Court.[3]  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir.1991) (noting that failure to object to a magistrate

---

[1] These poverty guidelines apply to those residing in the 48 contiguous states and the District of Columbia, excluding Alaska and Hawaii.
[2] $25,800 - $16,020 = $9,780.
[3] Under *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998), *as amended* (Sept. 9, 1998), the Court is not required to give Plaintiff an opportunity to file written objections to the recommendation that his *in forma pauperis* motion be denied.  But as reflected in the Court's March 16, 2016, order, objections will be permitted and considered in this case.

judge's findings "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal")  (citations omitted).

IT IS SO ORDERED.

Dated: **April 13, 2016**        **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE