# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEAL LEROY D'AMORE, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] <br><br> Defendant. | **1:16-cv-00260 GSA** <br><br> **ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF MICHAEL LEROY D'AMORE AND AGAINST DEFENDANT NANCY BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY** |

**I.    INTRODUCTION**

Plaintiff, Michael Leroy D'Amore ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act. The

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill is now the acting Commissioner of Social Security.

1

matter is currently before the Court on the parties' briefs which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[2] (*See,* Docs. 21, 28 and 29). Upon a review of the entire record, the Court finds that the ALJ's decision is not supported by substantial evidence. Accordingly, the Court GRANTS Plaintiff's appeal and remands the case for further consideration.

## II. FACTS AND PRIOR PROCEEDINGS[3]

### A. Background

Plaintiff filed an application for DIB alleging disability beginning July 19, 2008. AR 193-194; 195-203. The parties agree that Plaintiff properly exhausted his administrative remedies and that the Appeals Council denied Plaintiff's appeal. (Doc. 21, pg. 2 and Doc. 23, pg. 2). Therefore, this appeal is a review of Administrative Law Judge Sharon Madsen's ("ALJ") decision issued on April 18, 2014, which is considered the Commissioner's final order. *See*, 42 U.S.C. §§ 405(g), 1383(c)(3). AR 11-19.

### B. Summary of the Medical Record

The Court has reviewed the entire medical record. Relevant portions of the record will be referenced in this decision where appropriate. AR 254-502.

## III. THE DISABILITY STANDARD

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.
> 42 U.S.C. § 1382c(a)(3)(B).

---

[2] The parties consented to the jurisdiction of the United States Magistrate Judge. (*See* Docs. 13 and 14).
[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. § 404.1520(a). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. § 404.1520(a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. § 404.1513.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability; (2) whether the claimant had medically-determinable "severe" impairments; (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work[4]; and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. § 404.1520(a)(4).

IV. **SUMMARY OF THE ALJ'S DECISION**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff last met the insured status requirements on September 30, 2010. AR 13. She noted that Plaintiff had not engaged in substantial gainful activity from his alleged date of onset of July 19, 2008, through his last insured date of September 30, 2010. AR 24. At step two, the ALJ identified post herpetic neuralgia, right shoulder rotator cuff tear and degenerative joint disease, as well as morbid obesity, as severe impairments. AR 13. She found that Plaintiff's gastroesophageal reflux disorder ("GERD"), his right eye blindness since childhood, and diabetes mellitus were not severe impairments. AR 13. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listing impairments in 20 C.F.R. Part 404 P, Appendix 1. AR 14. However, the ALJ also determined that Plaintiff had the residual functional capacity ("RFC") to perform light work except that he could only: lift and carry twenty pounds occasionally and ten pounds frequently; sit, stand, and walk for a total of six to eight hours in an eight-hour workday; occasionally climb, ladders, ropes and scaffolds, but that he could not engage in right overhead reaching. AR 15-19.

---

[4] Residual functional capacity captures what a claimant "can still do despite [his] limitations." 20 CFR § 404.1545. "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

3

In making this finding, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. AR 15-19.

Given the above, at step four, the ALJ found Plaintiff could perform his past relevant work as an auto salesperson because this work did not require performance of work-related activities precluded by Plaintiff's RFC. AR 19. The ALJ therefore concluded Plaintiff was not disabled. AR 19.

## V.     THE ISSUES PRESENTED

Plaintiff argues that the ALJ improperly rejected the opinion of Dr. Diana Hylton, M.D., Plaintiff's treating neurologist. Specifically, he contends that the ALJ did not give clear and convincing reasons to reject the assessment. He also argues that the ALJ did not properly consider Plaintiff's subjective complaints. Finally, Plaintiff argues that the ALJ improperly rejected the lay testimony of his wife and ignored the testimony of three other individuals – his brother, James D'Amore, and two co-workers, Don Scott, and Richard Struck. He requests that the case be remanded for a payment of benefits, or alternatively, that the case be remanded for further consideration of these issues. (Doc. 21, pgs. 12-21; Doc. 29, pgs. 2-3). In Opposition, the Commissioner argues that the ALJ's assessment of the medical evidence was proper; that her credibility analysis is supported by substantial evidence; and that the ALJ gave germane reasons for rejecting Plaintiff's wife's testimony. Defendant further contends that the failure to address the other lay witness statements was harmless error. (Doc. 28, pgs. 4-11).

## VI.     THE STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence, and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

///

4

## VII. DISCUSSION
### A. The ALJ's Weighing of the Medical Evidence is Not Supported by Substantial Evidence.

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for giving Dr. Hylton's (Plaintiff's treating neurologist) opinion no weight. (Doc. 21, pgs. 12-14; Doc. 29, pgs. 2-3). The Defendant contends that the ALJ provided good reasons for rejecting Dr. Hylton's opinion. (Doc. 28, pgs. 4-6). Upon a review of the record, the Court finds that the ALJ's weighing of the medical record is improper.

Under the law of this circuit, the opinions of treating physicians, examining physicians, and non-examining physicians are entitled to varying weight in disability determinations. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). However, the opinions of a treating or examining physician are "not necessarily conclusive as to either the physical condition or the ultimate issue of disability." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). An ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. CSS*, 533 F.3d 1155, 1164 (9th Cir. 2008). To reject the uncontroverted opinion of a treating or examining physician, the ALJ must present clear and convincing reasons. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected for specific and legitimate reasons. *Id.*; *Garrison v. CSS*, 759 F.3d 995, 1012 (9th Cir. 2014); *Ghanim v. CSS*, 763 F.3d 1155, 1161(9th Cir. 2014). The opinion of a non-examining physician may constitute substantial evidence when it is "consistent with independent clinical findings or other evidence in the record." *Thomas*, 278 F.3d at 957. Such independent reasons may include laboratory test results or contrary reports from examining physicians, and Plaintiff's testimony when it conflicts with the treating physician's opinion. *Lester*, 81 F.3d at 831, *citing Magallanes*, 881 F.2d at 751–55.

Here, the ALJ discussed three doctors' opinions evaluating Plaintiff's conditions: Dr. Hylton, his treating neurologist, and Drs. Sheehy and Loomis, two state agency non-examining physicians. On December 27, 2012, treating neurologist Diana Hylton, M.D. submitted a letter

explaining that she has been Plaintiff's physician since 2009. AR 16-17; 300; 496. She opined that Plaintiff's range of motion in his right shoulder is "significantly limited" due to a torn and retracted supraspinatus muscle and moderate arthritis. AR 496. The doctor restricted motion of his right arm to lifting ten pounds with no overhead reaching, and no repetitive movements. *Id*. Dr. Hylton further opined that Plaintiff "has a chronic pain syndrome due to herpes zoster infection of the cranial nerve V." *Id*. As a result of this pain condition, she opined that Plaintiff would be unable to function in any capacity at work because of his poor concentration and his poor ability to focus due to the side effects of chronic narcotic therapy used to control his pain. *Id*. On November 25, 2012, non-examining physician B. Sheehy, M.D. opined Plaintiff was limited to lifting and carrying twenty pounds occasionally and ten pounds frequently; standing, sitting, and/or walking for six hours; occasional climbing of ladders, ropes and scaffolds; and that he could not do any overhead reaching with right arm. He also opined that he had limited near and far acuity in his right eye. AR 55-57. When making this assessment, Dr. Sheehy noted that there was no medical or opinion evidence in the file. AR 55. On February 12, 2013, non-examining psychiatrist Dr. K.J. Loomis, D.O. reviewed the record and opined that insufficient evidence existed to substantiate a disability finding prior to Plaintiff's last insured date based on a mental impairment. AR 71-72.

  Because there were contradicting medical opinions, the ALJ was required to give specific and legitimate reasons for rejecting Dr. Hylton's opinion. When evaluating the medical record, the ALJ gave Dr. Hylton's assessment no weight (except for limitations related to overhead lifting) and gave the most weight to Dr. Sheehy and Dr. Loomis' opinions. AR 17. When rejecting Dr. Hylton's opinion, the ALJ noted that Dr. Hylton only saw the claimant one time in 2009, her opinion regarding his disability was made in 2012, after the claimant's date of last insured of September 2009, and the medical record indicates that Plaintiff's chronic pain syndrome due to herpes zoster had improved after using Lyrica. AR 17-18. In doing so, the ALJ summarized the medical record. AR 16-18. She found that Plaintiff's testimony regarding his limitations regarding his inability to perform daily activities could not be verified, and even if they could be, there was weak medical evidence in the file to support those limitations given that his treatment had been generally successful in controlling those symptoms. AR 18.

  The difficulty with the ALJ's analysis of the medical record is that a close review of the

non-examining physicians' opinions reveals that neither Dr. Sheehy nor Dr. Loomis reviewed Dr. Hylton's opinion. Dr. Sheehy specifically noted that there was no opinion evidence in the file. AR 55. This is understandable since Dr. Hylton's opinion was completed on December 27, 2012, after Dr. Sheehy's review. However, Dr. Loomis reviewed the file on February 12, 2013, after Dr. Hylton's letter was written. AR 72. The list of documents reviewed by Dr. Loomis does not include Dr. Hylton's letter. AR 69-71. Furthermore, when weighing the opinion evidence, Dr. Loomis noted that, "there [is] no indication that there [is] medical or other opinion evidence." AR 73. A third non-examining physician, Dr. Bayar, reviewed the file on February 11, 2013. AR 73-76. Dr. Bayar limited Plaintiff to light work with overhead reaching limitations. AR 74-75. He also found Plaintiff had prosthesis in his right eye that resulted in some limited vision. AR 75. The ALJ did not discuss this opinion in her decision. However, Dr. Bayer's review also specifically notes that "there is no indication that there is opinion evidence from any source." AR 76. These representations are not accurate. It is clear that Dr. Hylton treated Plaintiff in 2009, which was prior to Plaintiff's last insured date, and that she rendered an opinion that Plaintiff was unable to work due to his pain syndrome prior to these doctors' reviews. AR 300; 496.

Given the above, the Court cannot conclude that the ALJ's assessment of the medical evidence is based on substantial evidence since the medical sources did not review Dr. Hylton's opinion. Moreover, the ALJ did not address Dr. Bayar's opinion in her decision at all and it would be improper for this Court to do so *de novo*. Therefore, the case must be remanded so that the record can be more fully developed and all of the doctors' opinions can be evaluated by the ALJ. *Garrison v. Colvin*, 759 F. 3d at 1020. (A remand with for an award of benefits is only appropriate when the record has been fully developed and further administrative proceedings would serve no useful purpose). On remand, it is recommended that the medical record be reviewed by a medical professional of the ALJ's choosing if appropriate. The ALJ can then assess all of the medical evidence using the appropriate standards.

In light of this finding, the Court will not address Plaintiff's other arguments regarding the ALJ's credibility analysis, as well as the ALJ's rejection of the statement made by Terri Lynn D'Amore, Plaintiff's wife (AR 222-229), as both of these issues are inescapably linked to an evaluation of the medical evidence. 20 C.F.R. § 404.1529. However, the Court notes that the ALJ did not address three other lay witnesses statements – Plaintiff's brother, James D'Amore,

7

and two former colleagues, Don Scott and Richard Struck. AR 247-249. Lay witness testimony as to a claimant's symptoms, or how an impairment affects a claimant's ability to work, is competent evidence which the Commissioner must take into account when evaluating an individual's disability status. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). An ALJ may reject such testimony if he or she does so expressly, in which case "he [or she] must give reasons that are germane to each witness." *Dodrill*, 12 F. 3 at 919. "If the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (citing *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009)). Here, the ALJ did not address these these additional witness statements. On remand, the ALJ shall evaluate this testimony as required.

### VIII. CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence. Accordingly, this Court GRANTS Plaintiff's appeal. The case is remanded to the Commissioner of Social Security for further administrative proceedings consistent with this opinion. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Michael D-Amore, and against Nancy A. Berryhill, Commissioner of Social Security, and to close this action.

IT IS SO ORDERED.

Dated: **January 17, 2018**  **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE